IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. HANLEY, SR. et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 15-3884 |
| v. | : | |
| | : | |
| SHAWN BLOOM et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

This 4th day of December, 2015, upon consideration of Defendants' Motion to Transfer Venue and Plaintiffs' Opposition thereto, it is hereby **ORDERED** that Defendants' Motion is **DENIED** for the following reasons.

Defendants move to transfer venue to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). The movant carries the heavy burden of establishing the need for transfer, as the plaintiff's choice of venue "should not be lightly disturbed." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (internal quotation and citation omitted).

28 U.S.C. § 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although there is no set formula in analyzing a § 1404(a) motion, "courts have considered many variants of the private and public interests protected by the language of § 1404(a)." Jumara, 55 F.3d at 879 (internal citation omitted). Specifically, the Third Circuit has identified the following factors as relevant:

> [The private interests]: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial

1

>condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
>[The public interests]: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879–80 (internal citations omitted).

Based on the parties' submissions and the applicable factors, I have no hesitancy in denying Defendants' request to transfer venue. The Eastern District of Pennsylvania is clearly more convenient for Plaintiffs, who, as masters of their Complaint, have chosen to bring suit in this forum. See Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request."). "[U]nless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." Id. (internal quotations omitted) (emphasis added). Accordingly, the transfer analysis begins heavily tilted in favor of deference to Plaintiffs' chosen forum. In that regard, I also note that this is a wrongful death case, and as I consider the Plaintiffs' interest, it bears mention that the Plaintiffs who have chosen this forum are surviving family members, filing on behalf of the decedent's minor child. Compl. at ¶ 31.

Defendants have attached multiple affidavits in support of their Motion, claiming hardship. The affidavits are to a large extent *pro forma* and similar to the types of correspondence courts receive routinely from citizens seeking to avoid jury service. One exception to that is an affidavit from Defendant Shawn Bloom, explaining that travel to Philadelphia would present a significant burden due to a medical condition. Affidavit of Shawn

Bloom at ¶ 5. I certainly empathize with Defendants' plea that long periods in the car might serve to exacerbate the risks of his current condition. However, in the same affidavit, Defendant Bloom admits that the Western District would also require multiple hours in the car, meaning that Defendant will be burdened regardless of whether this action is transferred. Id. at ¶ 7. Plaintiffs, on the other hand, reside in Baltimore, Maryland, located about 2 hours away by car from Philadelphia, and almost 6 hours away from Erie, Pennsylvania, Defendants' preferred forum. Thus, if I were to transfer venue, any increased burden on Defendant would merely shift to Plaintiffs, whose choice of venue is arguably the most important consideration to my analysis.

Defendants also emphasize that the convenience of witnesses weighs in favor of transfer. Defendants attach several affidavits to convey the purportedly "extreme inconvenience" that will be felt by defense witnesses should venue remain unchanged. However, the overwhelming majority of these witnesses reside approximately 2.5 hours away from the Erie courthouse and 4.5 hours away from the Philadelphia courthouse. This two-hour disparity is not persuasive. To the extent witnesses incur travel expense and time lost from work, it is customary, and ethically permissible, for counsel to reimburse such expenses. On that score, I am surprised and disappointed to see that two Pennsylvania state troopers, public servants, filed affidavits claiming hardship in a case arising out of a traffic fatality. Again, in weighing the need for transfer, it would be patently unfair to Plaintiffs to transfer venue to a substantially more inconvenient forum when that transfer would only moderately decrease the burden felt by Defendants and their witnesses.

Defendants next argue that the tragic accident at the center of the Complaint occurred in Elk County, Pennsylvania, which "overwhelmingly supports transfer to the Western District." Defendants' Memorandum of Law at 4. Plaintiffs counter that although the main underlying tort

arose in the Western District, the Complaint also includes claims for negligent hiring, training, and supervision, among other claims directed at Defendant American Exploration Company's alleged corporate failures. Moreover, American Exploration Company's principal place of business is located within this District, "less than 20 miles from the courthouse." Plaintiffs' Opposition Memorandum at 8. Thus, while the main underlying tort occurred in the Western District, related claims occurred within this District and many of the relevant witnesses and documents are located in Plymouth Meeting, Pennsylvania—the principal place of the Defendant Company's business. I therefore agree with Plaintiffs that "Defendant American Exploration Company cannot reasonably argue that the Eastern District of Pennsylvania is an inconvenient forum." Id.

I also note that this is a "cross-over" accident: Defendant Bloom entered into the decedent's lane of travel. Eyewitness testimony is unlikely to play a critical role in such a case, as the defense will undoubtedly be focused on whether there is a legal excuse for such a patent breach of the Motor Vehicle Code. As to that, if a medical defense is offered, Plaintiff is correct that the testimony of Dr. Phuong T. Wirths would be considered expert testimony. The convenience of experts is not a proper factor to consider on a motion to transfer, as they are consultants and adequately (and often handsomely) compensated. Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 199 (E.D. Pa. 2008).

Finally, because both potential forums sit in Pennsylvania and this diversity action concerns Pennsylvania law, the import of the public interest factors is greatly diminished. For instance, there are no concerns regarding the enforceability of the judgment, no distinct local interests or policies favoring one district over the other, and no "disparity in the qualifications of

the federal judges sitting in the two districts to pass on the same Pennsylvania law." <u>Jumara</u>, 55 F.3d at 882–83.  Consequently, the public interest factors do not weigh in either direction.

Under 28 U.S.C. § 1404(a), based on the totality of circumstances discussed herein, transferring venue would not be in the interest of justice.  Although neither forum is ideal for the parties in terms of uniform convenience, the same can be said of many cases.  This is a serious and important matter arising out of a loss of life, and the parties and witnesses have a responsibility to shoulder whatever burdens their participation may bring.

<u>      /s/ Gerald Austin McHugh</u>
United States District Court Judge